James J. Conroy, J.
In this article 78 proceeding petitioner seeks to annul respondent’s order dated December 5, 1963, affirming an order of the District Rent and Rehabilitation Director which, in fixing the maximum rent for a certain apartment, allowed petitioner $11.50 per month for an additional room in *386 what was formerly registered as a three-room apartment, and to direct respondent to make an order allowing $15.98 per month for that room.
The apartment in question was originally registered as a three-room apartment. The March 1, 1943 monthly rent for that apartment was $30. Petitioner purchased the property in 1948. In his answer of April 19,1963 to the District Bent Director’s request for further information, petitioner stated that he believed the fourth room was added in 1945 or 1946. By order dated December 16, 1960 the rent for the three-room apartment on August 20, 1960 was determined to be $41.68. This included an equalization adjustment on the 1943 rent, increasing it to $34.50; the lease effective August 20, 1960, increasing the rent to $39.68; and ah additional $2 for a new gas range, bringing the rent to $41.68.
It was in December of 1960 that petitioner first discovered that the premises had been registered in 1943 as a three-room apartment. Accordingly, when the present lease was reported, petitioner requested an additional increase of $20.07 per month, computed as follows: $15.98 for the additional room, or one third of the new maximum monthly rent of $47.93 for the three rooms, and about $1 per room ($4.09 in all) for the greater over-all value of the apartment with the additional room. (Petitioner does not contest the disallowance of the latter sum.)
Respondent argues that “ The District Rent Director employed the customary comparability method to determine the rental value of the additional room ”, refers to the 1943 base rent of a different four-room apartment, and mentions “ that the power to adjust residential rents rests exclusively with the Rent Administrator, as long as that power is not exercised arbitrarily.”
In the opinion of this court, the 1943 base rent of another four-room apartment, mentioned as a comparability factor for the first time on this review, is irrelevant. The 1943 rent for petitioner’s three-room apartment — which was in 1943 just that, a three-room apartment — was $30, or $10 per room. An equipment allowance plus two 15% lease allowances brought the 1963 rent for that three-room apartment to $47.93, or $15.98 per room. To allow but $11.50 for an additional room, without regard to the lack of any discernible difference from the other rooms and without any explanation other than that respondent used the “ customary method ” in applying its formula, is, in the opinion of this court, arbitrary on its face. The petition is granted.